IN THE UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF ARKANSAS
HARRISON DIVISION

MELISSA K. SCOTT                                                  PLAINTIFF

v.                                CIVIL NO. 18-3018

NANCY A. BERRYHILL, Commissioner
Social Security Administration                                  DEFENDANT

**MEMORANDUM OPINION**

Plaintiff, Melissa K. Scott, brings this action pursuant to 42 U.S.C. § 405(g), seeking judicial review of a decision of the Commissioner of the Social Security Administration (Commissioner) denying her claims for a period of disability and disability insurance benefits (DIB) and supplemental security income (SSI) benefits under the provisions of Titles II and XVI of the Social Security Act (Act). In this judicial review, the Court must determine whether there is substantial evidence in the administrative record to support the Commissioner's decision. See 42 U.S.C. § 405(g).

Plaintiff protectively filed her current applications for DIB and SSI on May 23, 2015, alleging an inability to work since June 19, 2008,[1] due to fibromyalgia, clinical severe depression, general/social anxiety disorder, ocular migraines, severe neck and head pain, homebound, chronic fatigue syndrome, light/heat/sound sensitivity, severe brain/mind fogginess, shaky hands and bad balance. (Tr. 60, 208, 215). For DIB purposes, Plaintiff maintained insured status through December 31, 2013. (Tr. 18, 221). An administrative

---

[1] At the administrative hearing held before the ALJ, Plaintiff, through her counsel, amended her alleged onset date to October 9, 2013. (Tr. 41).

1

hearing was held on August 5, 2016, at which Plaintiff appeared with counsel and testified. (Tr. 36-59).

By written decision dated September 12, 2016, the ALJ found Plaintiff was not disabled prior to February 12, 2014, but that Plaintiff became disabled on February 12, 2014, and remained disabled through the date of the decision. (Tr. 18-27). Specifically, the ALJ found that since October 9, 2013, Plaintiff had the following severe impairments: migraines, fibromyalgia, depression and anxiety. (Tr. 20). The ALJ found that beginning on the established onset date of disability, February 12, 2014, Plaintiff had the additional severe impairments: chronic fatigue syndrome, vitamin B12 deficiency anemia, major depressive disorder and social anxiety disorder. (Tr. 20). After reviewing all of the evidence presented, the ALJ determined that since October 9, 2013, Plaintiff's impairments did not meet or equal the level of severity of any impairment listed in the Listing of Impairments found in Appendix I, Subpart P, Regulation No. 4. (Tr. 21). The ALJ found that prior to February 12, 2014, the date Plaintiff became disabled, Plaintiff retained the residual functional capacity (RFC) to:

> perform light work as defined in 20 CFR 404.1567(b) and 416.967(b) except she can understand, remember, and carry out more than simple, but no complex tasks or instructions.

(Tr. 22). The ALJ found that beginning on February 12, 2014, Plaintiff maintained the RFC to:

> perform sedentary work as defined in 20 CFR 404.1567(a) and 416.967(a) except she can understand, remember, and carry out more than simple but not complex tasks or instructions; and would miss work more than four days per month.

(Tr. 25). With the help of a vocational expert, the ALJ found that prior to February 12, 2014, Plaintiff was capable of performing her past relevant work as a telephone sales rep or customer

service rep. (Tr. 25). The ALJ found that as of February 12, 2014, there are no jobs that exist in significant numbers in the national economy that Plaintiff can perform. (Tr. 26).

Plaintiff then requested a review of the hearing decision by the Appeals Council, which denied that request on December 18, 2017. (Tr. 1-4). Subsequently, Plaintiff filed this action. (Doc. 1). This case is before the undersigned pursuant to the consent of the parties. (Doc. 5). Both parties have filed appeal briefs, and the case is now ready for decision. (Docs. 12, 13).

This Court's role is to determine whether the Commissioner's findings are supported by substantial evidence on the record as a whole. Ramirez v. Barnhart, 292 F.3d 576, 583 (8th Cir. 2002). Substantial evidence is less than a preponderance but it is enough that a reasonable mind would find it adequate to support the Commissioner's decision. The ALJ's decision must be affirmed if the record contains substantial evidence to support it. Edwards v. Barnhart, 314 F.3d 964, 966 (8th Cir. 2003). As long as there is substantial evidence in the record that supports the Commissioner's decision, the Court may not reverse it simply because substantial evidence exists in the record that would have supported a contrary outcome, or because the Court would have decided the case differently. Haley v. Massanari, 258 F.3d 742, 747 (8th Cir. 2001). In other words, if after reviewing the record it is possible to draw two inconsistent positions from the evidence and one of those positions represents the findings of the ALJ, the decision of the ALJ must be affirmed. Young v. Apfel, 221 F.3d 1065, 1068 (8th Cir. 2000).

The Court has reviewed the entire transcript and the parties' briefs. For the reasons stated in the ALJ's well-reasoned opinion and the Government's brief, the Court finds Plaintiff's arguments on appeal to be without merit and finds that the record as a whole reflects substantial evidence to support the ALJ's decision. Accordingly, the ALJ's decision is hereby summarily affirmed and Plaintiff's Complaint is dismissed with prejudice. See Sledge v.

3

Astrue, No. 08-0089, 2008 WL 4816675 (W.D. Mo. Oct. 31, 2008) (summarily affirming ALJ's denial of disability benefits), aff'd, 364 Fed. Appx. 307 (8th Cir. 2010).

DATED this 2nd day of May 2019.

/s/ *Erin L. Wiedemann*
HON. ERIN L. WIEDEMANN
UNITED STATES MAGISTRATE JUDGE